UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| PORT OF SUBS, INC.<br><br>    Plaintiff,<br><br>    v.<br><br>TAHOE INVESTMENTS, INC.; MICHAEL GIESLER; AND MICHELE GIESLER<br><br>    Defendants. | 3:16-CV-00411-LRH-VPC<br><br>ORDER |

Before the court is defendant Michele Giesler's motion to transfer for improper venue under 28 U.S.C. § 1406(a), or in the alternative, to transfer for convenience under § 1404(a). ECF No. 1.[1] Port of Subs, Inc. ("POS") filed a response (ECF No. 10), to which Giesler replied (ECF No. 11). Co-defendants Michael Giesler and Tahoe Investments, Inc. ("Tahoe") have joined the motion. ECF No. 12.

**I.    Background**

This suit involves the alleged breach of a series of franchise agreements between franchisor POS, a Nevada corporation, and franchisee Tahoe, a California corporation. Pursuant to four separate agreements, Tahoe operated four franchise stores in California, three located in or around Palms Springs and one in Truckee. ECF No. 1-1 at 4. Michael Giesler, a Palm Springs resident, signed a "Guaranty of Franchise Agreement" with POS. *Id*.

POS eventually filed suit against Tahoe and Michael Giesler in Nevada district court in Washoe County. ECF No. 1 at 2. POS alleges that Tahoe breached its franchise agreements "by

---

[1] This citation refers to the court's docket number.

failing to submit required financial reports, failing to pay suppliers, failing to keep the restaurants open the minimum required hours, [and] failing to . . . provide records as part of a mandatory audit when POS determined [that] Tahoe was underreporting its gross receipts for purposes of depriving POS of full royalty payments." ECF No. 10 at 2.

The parties later stipulated to POS filing an amended complaint in order to add Michele Giesler ("Giesler") as a defendant, based on her execution of a guaranty agreement with POS for one of the four franchise stores. ECF No. 10. Defendants' counsel accepted service on her behalf on June 23, 2016, and she removed the suit to this court on July 08, 2016 (ECF No. 2). Giesler concurrently filed the instant motion to transfer venue to the U.S. District Court for the Central District of California, which encompasses Palm Springs.

**II.    Discussion**

   **A.    Venue is proper in Nevada**

Giesler seeks to transfer venue under 28 U.S.C. § 1406(a) or, alternatively, § 1404(a). The former section governs when a plaintiff files suit in a federal judicial district that is an improper venue, in which case the district court may either dismiss the case, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Conversely, § 1404 applies when a plaintiff files suit in a proper district and allows the court, [f]or the convenience of parties and witnesses [and] in the interest of justice," to transfer the case "to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *see also Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1102 (C.D. Cal. 2001) (discussing the distinction between §§ 1404 and 1406). Normally, § 1391 governs which venues are proper in a civil case.

Here, Giesler asserts that the District of Nevada is an improper venue but does not provide any analysis on this point. POS counters that venue is proper in this judicial district under § 1391(b)(2) because the defendants allegedly "submitted their false and fraudulent accounting to POS" in Reno, Nevada, POS' primary place of business. ECF No. 10 at 8.

The court, however, need not address the merits of this argument because § 1441, rather than § 1391, governs venue when a plaintiff files suit in state court and a defendant removes the

case to federal court. *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953). "Section 1441(a) expressly provides that the proper venue of a removed action is 'the district court of the United States for the district and division embracing the place where such action is pending.'" *Id*. at 666 (quoting 28 U.S.C. § 1441(a)); *see also Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 535 (6th Cir. 2002); 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1006 (4th ed.) (explaining that "the general venue statutes . . . do not apply to cases that have been initiated in a state court and removed to a federal court.").

Because Giesler removed this case to the District of Nevada, which "embraces" the entire State of Nevada, venue is proper in this judicial district. Section 1404(a) therefore governs her motion to transfer.

**B.     Motion to transfer venue under § 1404**

"Under § 1404(a), the district court has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (internal quotation marks omitted) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). In making this assessment, courts normally "weigh the relevant [private and public-interest] factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 581 (2013) (quoting 28 U.S.C. § 1404(a)) (listing common private and public-interest factors in n. 6); *see also Jones*, 211 F.3d at 498–99 (listing other common factors). The moving party bears the burden of establishing that the proposed district is a more appropriate forum for the action. *Operation: Heroes, Ltd. v. Procter & Gamble Prods., Inc.*, 903 F. Supp. 2d 1106, 1111 (D. Nev. 2012).

Here, the parties devote much of their briefing to arguing that the private-interest factors in this case weigh in their favor. However, neither party squarely addresses the significance of the forum-selection clause in all four franchise agreements. Each clause represents Tahoe's acknowledgment that a suit to enforce the agreement must, at POS' "sole option," be

commenced in Nevada state or federal court or the state or federal court of the judicial district in which the franchisee's store is located. *E.g.,* ECF No. 1-1 at 141.

In *Atlantic Marine*, the U.S. Supreme Court explained that the balancing test for motions to transfer "changes . . . when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" 134 S. Ct. at 581 (quoting *Stewart*, 487 U.S. 22, 31 (1988)). "The 'enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system.' For that reason, and because the overarching consideration under § 1404(a) is whether a transfer would promote 'the interest of justice,' 'a valid forum-selection clause should be given controlling weight in all but the most exceptional cases.'" *Id.* (internal brackets omitted) (quoting *Stewart*, 487 U.S. at 33 (Kennedy, J., concurring)).

Here, POS exercised the forum-selection clauses under the franchise agreements by deciding to file suit in Nevada. Before determining whether these clauses are dispositive to this motion under *Atlantic Marine*, the court must address Giesler's assertion that the clauses are void under California law. *See* ECF No. 1 at 6. Giesler indirectly cites to California Business and Professional Code § 20040.5, which provides that "[a] provision in a franchise agreement restricting venue to a forum outside" of California is void. POS does not directly respond to this argument.

Federal courts "apply federal law to determine the enforceability of [a] forum selection clause." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009). "A forum selection clause is presumptively valid; the party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which [courts] will conclude the clause is unenforceable." *Id.* (quoting *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 17 (1972)). "Under the directives of the Supreme Court in *Bremen*, . . . a forum selection clause is unenforceable 'if enforcement would contravene a strong public policy of the forum in which suit is brought . . . .'" *Id.* (quoting *Bremen*, 407 U.S. at 15).

In *Jones v. GNC Franchising*, the Ninth Circuit applied this framework in holding that Cal. Bus. & Prof. Code § 20040.5 barred enforcement of a forum-selection clause that designated

4

Pennsylvania state or federal courts as the venue for any agreement disputes. 211 F.3d at 498. After the plaintiff, a California-based franchisee, brought suit in California state court, the franchisor removed the case and moved to transfer it to the Western District of Pennsylvania. *Id*. at 496. Finding that § 20040.5 establishes a strong public policy against forum-selection clauses, the Ninth Circuit held that the clause was unenforceable in the context of a motion to transfer under § 1406.

Here, unlike *Jones*, POS brought suit in Nevada. Therefore, California's public policy against forum-selection clauses that designate a forum outside of the state does not belong to the "forum in which suit [was] brought . . . ." *Doe 1*, 552 F.3d at 1083; *see also Incline Energy, LLC v. Penna Grp., LLC*, 787 F. Supp. 2d 1140, 1145 (D. Nev. 2011) ("*Doe 1* prevents enforcement of a forum selection clause where repugnant to the public policy of the forum in which the case is brought, not where repugnant to the public policy of a forum where the case *might have been* brought.").[2] Additionally, the court has not identified a Nevada public policy against forum-selection clauses, and it is unlikely that Nevada would oppose a clause that selected this state as the forum for this dispute. After all, Cal. Bus. & Prof. Code § 20040.5 only applies to clauses that restrict venue to a forum outside of California and would therefore allow for a clause that designated California as the appropriate venue.

Because forum-selection clauses have "controlling weight in all but the most exceptional cases[,]" the court finds that Nevada is the proper venue for this case. Giesler's motion will therefore be denied.

/ / /

/ / /

/ / /

/ / /

---

[2] The court also recognizes that several district courts within this Circuit have found that, after *Atlantic Marine,* a state statute that disfavors forum-selection clauses is insufficient to find such clauses unenforceable. *E.g.*, *Idaho Pac. Corp. v. Binex Line Corp.*, No. 4:15-CV-00510-CWD, 2016 WL 843254 (D. Idaho Mar. 1, 2016). However, based on the inapplicability of California public policy in this case, the court need not reach this question.

### III. Conclusion

IT IS THEREFORE ORDERED that defendant Michele Giesler's motion to transfer for improper venue under 28 U.S.C. § 1406(a), or in the alternative, to transfer for convenience under § 1404(a) (ECF No. 1) is DENIED.

IT IS SO ORDERED.

DATED this 3rd day of November, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE